UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FILED - GR
04 FEB 19 PM 3:22
RONALD _____, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH
BY:_____

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, (UAW),

-and-

JONATHAN BATES, KENNETH BROADBENT,
ALLEN BROCK, WILLIAM BURNS,
JEROME BUS, EARL CLONTZ,
SULEJMAN COSOVIC, VLADE ENTIMOV,
CHARLES GALBO, MICHAEL GILLETTE,
LEO GOKEY, JR., WILLIAM GRAHAM,
MATTHEW GUTOWSKI, CHARLES HARTMAN,
RONALD HEPPNER, ALBERT HOOPER,
THOMAS HOOPER, RISTO HRISTOVSKI,
KIRE JANCEVSKI, ALFONSO JESSELL,
DONALD LARKIN, STEPHEN MILKS,
ELI MISEVSKI, RASIM NADAREWISTSCH,
BOGOLUB NICOLOFF, MATTHEW PERDZIAK,
GEORGE PHILLIPS, ANDREW SCHLIERF,
JOHN SCHMIDT, FRANCIS SCHWACH,
CHARLES SMITH, FRANCIS SYNYER,
KRUME STIPONSKI, ILIJA STOJANOVSKI,
JOHN SZMALEC, CHARLES TAGLIARINO,
PAUL TASKER, EUGENE THIES,
CLARENCE VAIL, CARL WAPPMAN,
THOMAS WELCH, EUGENE WESOLEK,
JOHN ZUBER, JR.,

       Plaintiffs,

v.

FUEL SYSTEMS, LLC,

       Defendant.

Civil Action No.

Hon.

1:04 CV 0119

David W. McKeague
U.S. District Judge

## COMPLAINT

Plaintiffs allege as follows:

### Introduction

1. Plaintiffs seek damages and declaratory and injunctive relief enforcing Fuel Systems LLC ["Fuel Systems"] obligation to provide lifetime retiree health and life insurance benefits.

2. Plaintiffs are hourly retirees from the Fuel Systems plant in Buffalo, New York.

3. The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, ("International Union, UAW") and its Local 55 (collectively the "UAW") represented the hourly employees at the Buffalo Plant for decades.

4. Snyder Tank Corporation, and later a subsidiary of Borg-Warner, owned and operated the Buffalo plant, before Fuel Systems purchased the facility in April 2001. Hereinafter, "Fuel Systems" refers not only to Fuel Systems LLC, but also to its predecessors Snyder Tank Corporation and the Borg-Warner subsidiary.

5. For decades plaintiffs worked for Fuel Systems. During these years plaintiffs' retiree medical insurance and life insurance benefits were created through collective bargaining between Fuel Systems and the UAW. The successive labor agreements contained provisions that established Fuel Systems' obligation to provide retirees and their surviving spouses with medical insurance benefits for life and to provide life insurance for life.

6. In addition, apart from the collective bargaining agreements themselves, Fuel Systems represented to Plaintiffs or their Union representatives on many occasions over the years that the retiree medical coverage and life insurance would be provided throughout retirement.

7. The most recent collective bargaining agreement between the UAW and Fuel Systems, effective by its terms from January 31, 2002 through at least January 31, 2005, included and reiterated Fuel Systems' obligation to provide lifetime retiree health insurance and life insurance benefits.

8. In 2002, Fuel Systems announced it was closing its Buffalo plant, and entered into bargaining with the UAW over the effects of the closure.

9. The parties agreed to a plant closing agreement dated July 24, 2002.

10. The parties did not bargain any changes to Fuel Systems' obligation to provide lifetime retiree health insurance and life insurance benefits.

11. The Buffalo plant was closed on or about May 31, 2003.

12. Fuels Systems continued providing its retirees and their spouses with lifetime retiree health and life insurance benefits consistent with a series of collective bargaining agreements and pursuant to a series of summary plan descriptions and other benefit plan documents.

13. The labor agreements do <u>not</u> give Fuel Systems the right to unilaterally eliminate retiree health insurance or life insurance benefits. Plaintiffs were represented by the UAW when their benefits were created, and the intent of both the UAW and Company negotiators was to confer a lifetime benefit that was not unilaterally terminable.

14. At a time when the rights of the plaintiffs and their spouses and dependents were already earned and vested, Fuel Systems violated these rights by announcing in about December 2003 that it was unilaterally eliminating plaintiffs' retiree health insurance and life insurance benefits effective March 1, 2004.

15. Plaintiffs all retired under a series of collective bargaining agreements entered into by the UAW and Fuel Systems containing the promise of lifetime retiree health and life insurance benefits.

## Jurisdiction and Venue

16. This Court has jurisdiction over Count I pursuant to §301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a), and over Count II pursuant to §502(e) and (f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(e) and (f).

17. Venue is proper for Counts I and II pursuant to §301(a) of LMRA and for Count III pursuant to §502(e) and (f) of ERISA.

### Parties

18. Fuel Systems is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal offices in this judicial district located at 1950 Waldorf NW, Suite A, Grand Rapids, Michigan 49544. Fuel Systems is a manufacturer and supplier of fuel and hydraulic tanks.

19. Fuel Systems is an employer in an industry affecting commerce within the meaning of §301 of LMRA.

20. Fuel Systems is an employer within the meaning of §§3(5) and 4 of ERISA, 29 U.S.C. §§1002(5) and 1003.

21. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America is a labor organization with its principal place of business located at Solidarity House, 8000 East Jefferson Avenue, Detroit, Michigan.

22. Plaintiffs are retirees, spouses of retirees and surviving spouses of retirees who retired from the Defendant's Buffalo plant and who have received retiree health and life insurance benefits from defendant.

23. Plaintiff Jonathan Bates resides at 1472 Milestrip Road, North Collins, New York. Mr. Bates retired from the plant on January 22, 2002. He began receiving retiree health and life insurance benefits upon retirement.

24. Plaintiff Kenneth Broadbent resides at 1210 Parkview Drive, North Tonawanda, New York. Mr. Broadbent retired from the plant on January 18, 2002. He began receiving retiree health and insurance benefits upon retirement.

25. Plaintiff Allen Brock resides at 15 Fowler Street, Upper, Lackawanna, New York. Mr. Brock retired from the plant on July 16, 1996. He began receiving retiree health and life insurance benefits upon his retirement.

26. Plaintiff William Burns resides at 24 Freeman Street, Buffalo, New York. Mr. Burns retired from the plant August 20, 1997. He began receiving retiree health and life insurance benefits upon retirement.

27. Plaintiff Jerome Bus resides at E 6061 Thornwood Drive, Hamburg, New York. Mr. Bus retired from the plant on July 20, 1998. He began receiving retiree health and life insurance benefits upon retirement.

28. Plaintiff Earl Clontz resides at 7 Main Street, Box 261, Rossiter, Pennsylvania. Mr. Clontz retired from the plant on September 26, 1994. He began receiving retiree health and life insurance benefits upon retirement.

29. Plaintiff Sulejman Cosovic resides at 5131 N. Kenneth Street, Chicago, Illinois. Mr. Cosovic retired from the plant on March 1, 1991. He began receiving retiree health and life insurance benefits upon retirement.

30. Plaintiff Cvetko Cvetkovski resides at 35 Bell Street, Lackawanna, New York. Mr. Cvetkovski retired from the plant on January 22, 1999. He began receiving retiree health and life insurance benefits upon retirement.

31. Plaintiff Vlade Evtimov resides at 81 Barlow, Lackawanna, New York. Mr. Evtimov retired from the plant on May 30, 1997. He began receiving retiree health and life insurance benefits upon retirement.

32. Plaintiff Charles Galbo resides at 3625 Columbia Street, Hamburg, New York. He retired from the plant on March 30, 1990. He began receiving retiree health and life insurance benefits upon retirement.

33. Plaintiff Michael Gillette resides at 3080 Baker Road, Orchard Park, New York. Mr. Gillette took a disability retirement. He began receiving retiree health and life insurance benefits upon retirement.

34. Plaintiff Leo Gokey, Jr., resides at 5534 Ripple Drive, Hamburg, New York. Mr. Gokey retired from the plant on February 28, 1994. He began receiving retiree health and life insurance benefits upon retirement.

35. Plaintiff William Graham resides at 7898 Boston State Road, Lot 40, Hamburg, New York. Mr. Graham retired from the plant on May 20, 1989. He began receiving retiree health and life insurance benefits upon retirement.

36. Plaintiff Matthew Gutowski resides at 25 Michael Place, Lackawanna, New York. Mr. Gutowski retired from the plant January 29, 1982. He began receiving retiree health and life insurance benefits upon retirement.

37. Plaintiff Charles Hartman resides at 37643 Ladis Avenue, Zephyr Hills, Florida. Mr. Hartman retired from the plant on August 6, 199. He began receiving retiree health and life insurance benefits upon retirement.

38. Plaintiff Ronald Heppner resides at 129 Pioneer Lane, Dlevan, New York. Mr. Heppner retired from the plant on February 1, 1999. He began receiving retiree health and life insurance benefits upon retirement.

39. Plaintiff Albert Hooper resides at 6387 Center Street, Box 419, Hamburg, New York. Mr. Hooper retired from the plant on March 28, 2002. He began receiving retiree health and life insurance benefits upon retirement.

40. Plaintiff Thomas Hooper resides at 4136 RT 98, North Java, New York. Mr. Hooper retired from the plant on March 28, 2002. He began receiving retiree health and life insurance benefits upon retirement.

41.     Plaintiff Risto Hristovski resides at 62 Middlesex Road, Orchard Park, New York. Mr. Hristovski retired from the plant on August 4, 2000. He began receiving retiree health and life insurance benefits upon retirement.

42.     Plaintiff Kire Jancevski resides at 48 Goodrich Street, Lackawanna, New York. Mr. Jancevski retired from the plant on May 31, 1995. He began receiving retiree health and life insurance benefits upon retirement.

43.     Plaintiff Alfonso Jessell resides at 11050 Eden Road, North Collins, New York. Mr. Jessell retired from the plant on September 24, 1999. He began receiving retiree health and life insurance benefits upon retirement.

44.     Plaintiff Donald Larkin resides at 133 Helen Avenue, Blasdell, New York  Mr. Larkin retired from the plant on February 2, 1994. He began receiving retiree health and life insurance benefits upon retirement.

45.     Plaintiff Stephen Milks resides at 385 Homecrest Drive, Amherst, New York. Mr. Milks took a disability retirement from the plant. He began receiving retiree health and life insurance benefits upon retirement.

46.     Plaintiff Eli Misevski resides at 186 Windmill Road, West Seneca, New York. Ms Raymond retired from the plant on August 1, 1991. He began receiving retiree health and life insurance benefits upon retirement.

47.     Plaintiff Rasim Nadarewistsch resides at 3680 Big Tree Rd., Apt. 7, Hamburg, New York. Mr. Nadarewistsch retired from the plant on November 10, 2000. He began receiving retiree health and life insurance benefits upon retirement.

48.     Plaintiff Bogolub Nicoloff resides at 6101 Thornwood Drive, Boston, New York. Mr. Nicoloff retired from the plant on January 4, 2000. He began receiving retiree health and life insurance benefits upon retirement.

49. Plaintiff Matthew Perdziak resides at 120 Fisher Street, Buffalo, New York. Mr. Perdziak retired from the plant on November 30, 2001. He began receiving retiree health and life insurance benefits upon retirement.

50. Plaintiff George Phillips resides at PO Box 818, 6813 Nettlecreek, Derby, New York. Mr. Phillips retired from the plant on January 5, 1998. He began receiving retiree health and life insurance benefits upon retirement.

51. Plaintiff Andrew Schlierf resides at 4870 Abbot Road, Orchard Park, New York. Mr. Schlierf retired from the plant on October 28, 1985. He began receiving retiree health and life insurance benefits upon retirement.

52. Plaintiff John Schmidt resides at 113 Old Glenwood Road, West Falls, New York. Mr. Schmidt retired from the on July 31, 1986. He began receiving retiree health and life insurance benefits upon retirement.

53. Plaintiff Francis Schwach resides at 661 Larkin Road, Derby, New York. Mr. Schwach retired from the plant on August 1, 1981. He began receiving retiree health and life insurance benefits upon retirement.

54. Plaintiff Charles Tagliarino resides at 1402 Brant N. Collins Road, North Collins, New York. Mr. Tagliarino retired from the plant on December 21, 2001. He began receiving retiree health and life insurance benefits upon retirement.

55. Plaintiff Paul Tasker resides at 4011 Hardt Road, Eden, New York. Mr. Tasker retired from the plant on March 1, 1993. He began receiving retiree health and life insurance benefits upon retirement.

56. Plaintiff Eugene Thies resides at 10051 Center Road, Forestville, New York. Mr. Thies retired from the plant on January 1, 1984. He began receiving retiree health and life insurance benefits upon retirement.

57. Plaintiff Clarence Vail, Jr., resides at 8541 N. Main Street, Apt. 11, Angola, New York. Mr. Vail retired from the plant on July 31, 1990. He began receiving retiree health and life insurance benefits upon retirement.

58. Plaintiff Carl Wappman resides at S4708 Mt. Vernon Blvd., Hamburg, New York. Mr. Wappman retired from the plant on March 3, 2000. He began receiving retiree health and life insurance benefits upon retirement.

59. Plaintiff Thomas Welch resides at 132 Norman Street, Buffalo, New York. Mr. Welch retired from the plant on February 11, 1979. He began receiving retiree health and life insurance benefits upon retirement.

60. Plaintiff Eugene Wesolek resides at 66 Remoleno Street, Buffalo, New York. Mr. Wesolek retired from the plant on September 24, 1993. He began receiving retiree health and life insurance benefits upon retirement.

61. Plaintiff John Zuber, Jr., resides at 6705 Putnam Drive, Derby, New York. Mr. Zuber retired from the plant on March 30, 2001. He began receiving retiree health and life insurance benefits upon retirement.

62. Plaintiffs are or have been at all relevant times participants in benefit plans through which Fuel Systems has been providing health insurance and was providing life insurance benefits.

63. Plaintiffs are or have been "participants" in an employee welfare benefit plan within the meaning of §2(7) of ERISA, 29 U.S.C. §1002(7).

## COUNT I

### Breach of Collective Bargaining Agreements, Actionable Under Section 301 of the LMRA

64. Plaintiffs incorporate ¶¶1-63.

65.  As noted above, in the years before their retirements and at the time they retired, plaintiffs' retiree medical benefits and life insurance benefits were the subject of collective bargaining agreements between Fuel Systems and the UAW by its Local 55. Under those agreements, plaintiffs' rights to retiree medical and life insurance benefits were vested, and elimination of the benefits infringe on those vested rights.

66.  On or about December 2003, Fuel Systems advised plaintiffs, or plaintiffs' surviving spouse, that effective March 1, 2004 it would terminate the health and life insurance benefits for those retirees and their spouses and dependents.

67.  Fuel Systems' refusal to provide retiree health and life insurance benefits constitutes a breach of its contractual obligation to provide lifetime retiree health and life insurance benefits to plaintiffs, and is actionable under Section 301 of the LMRA, 29 U.S.C. 185(a).

68.  Plaintiffs have suffered cognizable losses as a result of the actions described above.

## COUNT II

### Breach of Employee Welfare Benefit Plan, Actionable Under 502 of ERISA

69.  Plaintiffs incorporate ¶¶1-68.

70.  Defendant's refusal to provide retiree health and life insurance benefits constitutes a breach of its obligation to provide to plaintiffs the benefits due to them under the terms of the relevant benefit plans. Specifically, under the governing documents, plaintiffs' rights to retiree health insurance and life insurance benefits were vested benefits and could not be adversely affected.

71.  The above described breaches are actionable under §§502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). Those statutory provisions state that a participant

or beneficiary may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further "to enjoin any act or practice which violates…the terms of the plan, or … to obtain other appropriate equitable relief … to redress such violations or … to enforce … the terms of the plan."

72.   Plaintiffs have suffered cognizable losses as a result of the actions described above.

### RELIEF

WHEREFORE, plaintiffs request:

a.   That the Court declare that defendant is required to provide plaintiffs with health and life insurance benefits as provided in the collective bargaining agreements or benefit plan documents in effect at the time of their (or their spouse's) retirement for the duration of their retirement.

b.   Injunctive relief requiring defendant to provide plaintiffs with the health and life insurance benefits in effect at the time of their (or their spouse's) retirement.

c.   Judgment against defendant in an amount equal to all obligations incurred by plaintiffs as a result of defendant's failure to provide the health and life insurance benefits at proper levels, including but not limited to:

(i)   All premiums paid to obtain insurance coverage to replace the contractual benefits;

(ii)   All obligations for health care expenses which should have been provided by defendant;

d.   Judgment against defendant for mental distress and anguish suffered by Plaintiffs as a result of defendant's actions described above;

e.   Attorney fees and costs;

f.   Such further relief as is necessary and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on their complaint for every issue so triable.

Dated: February 19, 2004

Respectfully Submitted,

INTERNATIONAL UNION, UAW
Counsel for Plaintiffs

By _____
Niraj R. Ganatra (P63150)
Business Address:
8000 E. Jefferson Avenue
Detroit, MI 48214
(313) 926-5216

PINSKY, SMITH, FAYETTE & HULSWIT, LLP
Co-Counsel for Plaintiffs

By _____
Michael L. Fayette (P26107)
Business Address:
146 Monroe Center, NW, Suite 1515
Grand Rapids, MI 49503
(616) 451-8496

-12-